## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

NICOLAS DONEZ
516 Custer Street
Brush, CO 80723

    Plaintiff,

v.

LEPRINO FOODS, INC.
2400 East Beaver Avenue
Fort Morgan, CO 80701

    Defendant.

## COMPLAINT WITH JURY DEMAND

Plaintiff, Nicholas Donez, through his attorney, Amy K. Burma of Burma Law Offices, LLC, complains against Defendant, Leprino Foods, Inc., as follows:

### PARTIES

1. Plaintiff Nicholas Donez ("Plaintiff") is a citizen and resident of Colorado.

2. Defendant Leprino Foods, Inc. ("Defendant" or "Leprino"), is a Colorado corporation. Defendant is an employer within the meaning of federal and state law.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the claim in Counts I pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000 et seq., which creates federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. §1367 because they arise out of the same set of operative facts as

those relevant to Counts I and III so as to make them part of the same case in controversy.

5. Venue is proper in the District Court of Colorado pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in this Division and District.

6. Plaintiff has met all procedural prerequisites for his claims. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue dated November 6, 2018, Charge No 541-2017-00477. Plaintiff filed this Complaint within 90 days of his receipt of the EEOC Notice of Right to Sue.

## FACTUAL ALLEGATIONS

7. Defendant hired Plaintiff, a Hispanic American, on November 3, 1998, as Palletizer Operator. During the over 17 years Plaintiff worked for Defendant, he consistently received excellent reviews and worked his way up to Whey Department Foreman.

8. On February 9 2016, Plaintiff was violently and viciously attacked while preforming his regular job duties. Frank Levar, another Leprino employee, who is Caucasian, unexpectedly, and without provocation, attacked Plaintiff. Plaintiff received serious injuries, including a left laryngeal fracture, thyroid cartilage and cricoid ring fractures as well as right temporal and left parietal scalp hematomas.

9. On February 16, 2016, the police issued an arrest warrant for Mr. Levar. Mr. Levar was charged with second-degree assault. Mr. Levar was ultimately convicted by a jury of assault.

10. On February 16, 2016, Mr. Donez filed for workers' compensation benefits with Leprino as a result of the injuries he sustained from the assault.

11. On February 29, 2016, Plaintiff received a letter from Defendant stating that Plaintiff was being terminated for violating Defendant's "no tolerance for workplace violence" policy.

12. During his 17 years working for Defendant, Plaintiff was never involved in any physical altercation. Plaintiff was not the aggressor during the February 16, 2016 assault, and the only action he took was to defend himself against the vicious and unprovoked attack.

13. Other non-Hispanic employees have violated Defendant's alleged "no tolerance for workplace violence" policy without being terminated. For example, Mr. Levar was previously involved in an incident involving workplace violence in which he assaulted Shane Tucker, another employee. Mr. Levar was not terminated after his previous assault.

14. Upon information and belief, after Plaintiff was terminated, Defendant hired a Caucasian to replace him as a Whey Department Foreman.

15. Plaintiff did not violate Defendant's alleged workplace violence policy. Plaintiff was not the aggressor and any action he took was in self-defense.

16. Defendant discriminated against Plaintiff when it terminated Plaintiff for allegedly violating its alleged workplace violence policy, something non-Hispanic employees had violated in the past without discipline or termination.

17. Plaintiff was wrongfully terminated as a result of his race and not because he violated any alleged company policy. Defendant used its alleged workplace violence

3

policy as a pre-textual reason for its unlawful and intentional discrimination based on Plaintiff's race.

18. The right to self-defense constitutes a substantial public policy. *Ray v. Wal-Mart Stores, Inc.*, 2015 UT 83, 359 P.3d 614 (Utah 2015) (employees may bring common law wrongful discharge in violation of public policy claim alleging termination for exercising their right to self-defense in altercation with shoplifters where employees' actions violated company policy); *Feliciano v. 7-Eleven, Inc.*, 210 W. Va. 740, 559 S.E.2d 713 (2001) (public policy to defend against lethal imminent danger even though employer dictated passivity toward robber).

19. Workers' compensation constitutes a public policy that is both clear and substantial, which supports a wrongful discharge action for termination for an employee's exercise of his workers' compensation rights under the public policy exception to at-will employment doctrine. *Lathrop v. Entenmann's, Inc.,* 770 P.2d 1367 (Colo. App. 1989).

20. Plaintiff was terminated less than two weeks after he filed for unemployment compensation.

21. Plaintiff was terminated in violation of important and well-established public policies in various state statutes and state case law—including Colorado and Constitutional provisions including Plaintiff's right to unemployment compensation and right to self-defense.

22. The unlawful employment practices described above were intentional.

23. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT I
**(Race Discrimination – Title VII)**

24. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

25. Defendant discriminated against Plaintiff by treating him differently than similarly situated non-Hispanic American employees and by terminating his employment on account of his race in violation of Title VII.

26. Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

27. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to judgment and compensation pursuant to Title VII.

## COUNT II
**(Wrongful Termination in Violation of Public Policy)**

28. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

29. There is a clear and significant public policy for Plaintiff to exercise his job-related rights to workers' compensation.

30. There is a clear and significant public policy for and for Plaintiff a job-related right to self-defense.

31. Plaintiff was terminated in violation of important and well-established public policies in various state statutes and state case law—including Colorado and Constitutional provisions including Plaintiff's right to unemployment compensation and right to self-defense.

32. As a result of the conduct of Defendant, Plaintiff suffered damags in an amount to be proved at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows: That Defendant be enjoined from further unlawful conduct as described in the Complaint; that Plaintiff be reinstated to employment; that Plaintiff be awarded all lost pay and benefits; that Plaintiff be awarded compensatory damages; that Plaintiff be awarded punitive damages; that Plaintiff be awarded liquidated damages; that Plaintiff be awarded pre-judgment interest; that Plaintiff be awarded reasonable attorneys' fees; that Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years; and that Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

**PLAINTIFF DEMANDS TRIAL TO A JURY.**

DATED this 1st day of February, 2019.

Respectfully submitted,

**Burma Law Offices, LLC**

*The original signature is on file at Burma Law Offices, LLC*

By: /s/ Amy K. Burma
Amy K. Burma
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, CO 80302
Ph/Fax: 720-464-5655
amy@burmalawoffices.com
ATTORNEY FOR PLAINTIFf