IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV00285-NRN

NICOLAS DONEZ,

    Plaintiff,

v.

LEPRINO FOODS, INC., a Colorado corporation

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TITLE VII CLAIM FOR RACE DISCRIMINATION PURSUANT TO FED.R.CIV.P. 12(b)(6)**

---

Defendant Leprino Foods Company, incorrectly sued herein as Leprino Foods, Inc. ("Defendant" or "Leprino Foods"), through its undersigned counsel, William C. Brittan and Margaret R. Pflueger, of the law firm of Campbell Killin Brittan & Ray, LLC, pursuant to Fed.R.Civ.P. 12(b)(6), moves for the dismissal of Count I of Plaintiff's Complaint (Race Discrimination –Title VII), and as grounds therefore, states as follows:

    **I.    CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)**

Counsel for Leprino Foods has conferred with counsel for Plaintiff via the exchange of emails and through telephone conversations concerning the merits of this motion. In connection with these communications, counsel for Plaintiff indicated that, although Plaintiff's Charge of Discrimination ("Charge") was not timely filed with the Equal Opportunity Employment Commission ("EEOC"), Plaintiff purportedly filed an Intake Questionnaire with the EEOC within 300 days of the termination of his employment. Plaintiff's counsel further indicated that she only

had an unsigned copy of the Intake Questionnaire and had requested the signed, filed copy from the EEOC. Defense counsel requested that she provide whatever documents Plaintiff's counsel had in her possession on the issue. However, as of the time of the filing of this Motion, Plaintiff's counsel has not been able to provide Defendant's counsel with a copy of the Intake Questionnaire (filed or unfiled).

Should Plaintiff's counsel produce a copy of Plaintiff's timely filed Intake Questionnaire prior to, or as part of, Plaintiff's Response to this Motion which includes all of the necessary elements to constitute a timely filed Charge, Defendant will voluntarily withdraw its motion.[1] However, if Plaintiff's counsel is not able to produce the Intake Questionnaire Plaintiff claims to have timely filed with the EEOC and/or if the Intake Questionnaire is produced but it fails to satisfy the requisite elements to constitute a Charge, the Court should proceed to dismiss Plaintiff's race discrimination claim, under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, because, as a matter of law, Plaintiff's race discrimination claim will be time-barred.

## II. RELEVANT FACTUAL BACKGROUND[2]

Plaintiff's Complaint alleges that Plaintiff was employed by Leprino Foods from November 3, 1998 until his employment was terminated on February 29, 2016 for violating Defendant's "no tolerance for workplace violence" policy. [Doc #7 at ¶¶ 7 and 11]. In his

---

[1] To constitute a Charge, an intake questionnaire must be (1) a written statement under oath or affirmation, (2) that names the employer, (3) generally alleges the discriminatory act or acts, and (4) is capable of being "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." 42 U.S.C.A. § 2000e-5(b); *accord* 29 C.F.R. § 1601.9; *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008).

[2] Because this motion addresses only the fact that Plaintiff's race discrimination claim is time barred, the facts described herein address only the issues related to the timeliness of Plaintiff's EEOC Charge.

Complaint, Plaintiff asserts claims for relief against Leprino Foods for: (1) race discrimination in violation of Title VII; and (2) wrongful termination in violation of public policy. [Doc #7 at ¶¶ 24-32]. Plaintiff's federal claim is based on his assertion that that "he was wrongfully terminated as a result of his race and not because he violated any alleged company policy". [Doc #7 at ¶17]. Plaintiff's additional state law claim alleges he was terminated in violation of public policies recognizing the right to self-defense and the right to seek workers' compensation for on the job injuries. [Doc #7 at ¶21].

Although Plaintiff was terminated on February 29, 2016, he did not file his Charge with the EEOC until May 12, 2017. See EEOC Charge # 541-2017-00477 attached hereto as Exhibit A.[3] Leprino Foods received Notice of Plaintiff's EEOC Charge on or about July 21, 2017 (see Notice of Charge attached hereto as Exhibit B) and thereafter timely filed its Response thereto. Because Plaintiff did not file his Charge until 438 days after his termination, Plaintiff's Title VII race discrimination claim is time-barred and should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of a complaint. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167

---

[3] Although on the EEOC Charge form Plaintiff marked the box for national origin discrimination, his Complaint alleges a claim based on race discrimination. See Exhibit A.

L. Ed. 2d 929 (2007). For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

## IV. ARGUMENT

### A. The Court May Consider Plaintiff's Charge Without Converting this Rule 12(b)(6) Motion to a Rule 56 Motion.

In ruling on a motion brought under Fed. R. Civ. P. 12(b)(6), the Court may consider a document outside the pleadings if the document is (1) "mentioned in the complaint," (2) "central to [the] claims [at issue]," and (3) not challenged as inauthentic. *Reveles v. Catholic Health Initiatives*, 2017 U.S. Dist. LEXIS 95653 at *4 (D.Colo. 2017), *citing Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). Where the Complaint alleges the existence of a Charge and the plaintiff claims to have satisfied his statutory obligation to exhaust administrative remedies, the Charge is "mentioned". *Reveles*, 2017 U.S. Dist. LEXIS 95653 at *4. The Charge is also "central" because exhaustion is a prerequisite to maintaining this suit and, in the Tenth Circuit, a plaintiffs bears the burden of proof on this matter. *Id., citing Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007); see also *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1041 (10th Cir. 2015) (under 10th Circuit law, the plaintiff bears the burden of demonstrating timeliness).

"Thus, a Court may consider the Charge while remaining within the restraints of a proper Rule 12(b)(6) analysis." *Id., see also Barrett v. Rumsfeld*, 158 Fed. Appx. 89, 92, n. 1 (10th Cir. 2005), citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (a district court may review indisputably authentic copies of documents referred to in the Complaint that are central to a plaintiff's claim without converting the motion to one for

summary judgment, including public documents related to the handling of plaintiff's complaint by the EEOC, even though documents were not attached to the complaint); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (court may consider unattached documents which are referred to in the complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed).

Therefore, while documents outside the pleadings are typically not considered in determining the outcome of a motion to dismiss, certain circumstances - which are present here - necessitate review and consideration without converting the motion to dismiss into one for summary judgment. *See e.g*. *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282 (10th Cir. 2003) (plaintiff's failure to plead the requisite standards necessitates the court's consideration of documents outside the complaint). In this case, Plaintiff's Complaint alleges that "Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")." [Doc #7 at ¶6]. Therefore, the Court may consider Plaintiff's Charge (Exhibit A hereto), which was signed and dated by Plaintiff, because the Charge is (1) mentioned in Plaintiff's Complaint, (2) central to the claim at issue, and (3) not subject to challenge as inauthentic. *Reveles,* 2017 U.S. Dist. LEXIS 95653 at *4.

### B. Plaintiff's Title VII Race Discrimination Claim Is Time Barred.

"Title VII requires a plaintiff to file a charge of discrimination within 300 days of the alleged discriminatory act." *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1150 (10th Cir. 2008); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (a plaintiff must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice occurred or "lose the ability to recover for it"). Filing within these deadlines is mandatory. *Morgan*, 536 U.S.

at 109. The requirement that a plaintiff timely file a charge of discrimination with the EEOC "is best likened to a statute of limitations". *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998)." In the context of suits based on discrete acts, a court may easily determine whether the plaintiff filed a claim within the limitations period. As the Supreme Court noted in *Amtrak v. Morgan*, 536 U.S. 101, 110 (2002), a discrete act "occurred" on the day that it "happened."

Here, the untimeliness of Plaintiff's Charge is clear on its face. As alleged in his Complaint and in his Charge, Plaintiff was terminated by Leprino Foods on February 29, 2016. Plaintiff's termination is the only discrete act of discrimination alleged in both his Complaint and his Charge. [Doc #7 at ¶6; Exhibit A]. For Plaintiff to have timely exhausted his administrative remedies for the alleged date of discrimination, Plaintiff was required to file Charge with the EEOC by December 25, 2016. However, Plaintiff's Charge was filed on May 12, 2017, one hundred thirty-eight (138) days past the deadline. Consequently, because Plaintiff's Charge was filed 438 days after his termination and 138 days after the deadline Plaintiff's Title VII race discrimination claim is time-barred. Given that Plaintiff's Title VII race discrimination claim is time barred, it should be dismissed by the Court pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

## V. CONCLUSION

WHEREFORE, Defendant Leprino Foods Company requests that this Court dismiss Count I of Plaintiff's Complaint with prejudice.

DATED this 21st day of March, 2019.

**CAMPBELL KILLIN BRITTAN & RAY, LLC**

By: *s/ William C. Brittan*
William C. Brittan, #17643
Margaret R. Pflueger, #39780
270 St. Paul Street, Suite 300
Denver, CO 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com
mpflueger@ckbrlaw.com

*Counsel for Defendant Leprino Foods Company*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 21st day of March, 2019, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TITLE VII CLAIM FOR RACE DISCRIMINATION PURSUANT TO FED.R.CIV.P. 12(B)(6)** was filed and served through the CM/ECF system on the following:

Amy Burma
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, CO 80302
amy@Burmalawoffices.com

*Attorneys for Plaintiff*

*s/Andrea Davis*
*Andrea Davis*