# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV00285-NRN

NICOLAS DONEZ,

    Plaintiff,

v.

LEPRINO FOODS, INC.

    Defendant.

---

## AMENDED ANSWER OF DEFENDANT LEPRINO FOODS COMPANY TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND

Defendant Leprino Foods Company, ("Leprino Foods") incorrectly sued herein as Leprino Foods, Inc., through its undersigned counsel, William C. Brittan and Margaret R. Pflueger, of the law firm of Campbell Killin Brittan & Ray, LLC, and for its Amended Answer to Plaintiff's Complaint states as follows:

### PARTIES

1. Leprino Foods lacks information sufficient to admit the allegations in paragraph 1, and therefore denies the same.

2. Leprino Foods admits that it is a corporation incorporated in the State of Colorado. The remaining allegations in paragraph 2 are vague and call for legal conclusions and therefore Leprino Foods denies the same.

## JURISDICTION AND VENUE

3. While Leprino Foods denies any violation of the Act alleged, Leprino Foods acknowledges that Plaintiff seeks jurisdiction in this Court pursuant to that Act. Except as insofar admitted, the remaining allegations of paragraph 3 are denied.

4. Leprino Foods denies the allegations in paragraph 4.

5. In the event that jurisdiction is established in this Court, Leprino Foods admits the allegations in paragraph 5.

6. Leprino Foods denies that Plaintiff has met all procedural prerequisites for his claims. Leprino Foods lacks information sufficient to admit the remaining allegations in paragraph 6, and therefore denies the same.

## FACTUAL ALLEGATIONS

7. Leprino Foods admits that it hired Plaintiff on or about November 3, 1998 and that he worked for Leprino Foods for over 17 years. Leprino Foods denies the remaining allegations in paragraph 7.

8. Leprino Foods admits that on February 9, 2016 Plaintiff was involved in a physical altercation with another employee of Leprino Foods, Frank Levar, and that Plaintiff received certain injuries in that altercation. Leprino Foods lacks information sufficient to admit the remaining allegations in paragraph 8, and therefore denies the same.

9. Leprino Foods lacks information sufficient to admit the allegations in paragraph 9, and therefore denies the same.

10.     Leprino Foods admits that on or around February 16, 2016 Plaintiff filed for workers' compensation benefits.  Except as insofar admitted, the remaining allegations in paragraph 10 are denied.

11.     Leprino Foods admits that it issued a letter dated February 29, 2016 terminating Plaintiff's employment, and that paragraph 11 accurately quotes from a portion of that letter. Except as insofar admitted, the remaining allegations in paragraph 11 are denied.

12.     Leprino Foods lacks information sufficient to admit the allegations in paragraph 12, and therefore denies the same.

13.     Leprino Foods denies the allegations in paragraph 13.

14.     Leprino Foods denies the allegations in paragraph 14.

15.     Because the allegations in paragraph 15 do not accurately reflect the policy of Leprino Foods, said allegations are denied.

16.     Leprino Foods denies the allegations in paragraph 16.

17.     Leprino Foods denies the allegations in paragraph 17.

18.     Paragraph 18 includes statements of law and not allegations of fact, and therefore Leprino Foods denies the allegations in paragraph 18.

19.     Paragraph 18 includes statements of law and not allegations of fact, and therefore Leprino Foods denies the allegations in paragraph 19.

20.     Leprino Foods denies the allegations in paragraph 20.

21.     Leprino Foods denies the allegations in paragraph 21.

22.     Leprino Foods denies the allegations in paragraph 22.

23.     Leprino Foods denies the allegations in paragraph 23.

## COUNT I
### (Race Discrimination — Title VII)

24. Leprino Foods adopts and restates all prior paragraphs as though fully set forth herein.

25. Leprino Foods denies the allegations in paragraph 25.

26. Leprino Foods denies the allegations in paragraph 26.

27. Leprino Foods denies the allegations in paragraph 27.

## COUNT II
### (Wrongful Termination in Violation of Public Policy)

28. Leprino Foods adopts and restates all prior paragraphs as though fully set forth herein.

29. Paragraph 29 includes statements of law and not allegations of fact, and therefore Leprino Foods denies the allegations in paragraph 29.

30. Paragraph 30 includes statements of law and not allegations of fact, and therefore Leprino Foods denies the allegations in paragraph 30.

31. Leprino Foods denies the allegations in paragraph 31.

32. Leprino Foods denies the allegations in paragraph 32.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state claims upon which relief can be granted.

2. Leprino Foods exercised its business judgment in its decision to terminate Plaintiff's employment.

3. Leprino Foods acted in good faith at all times.

4. Plaintiff has failed to mitigate his damages, if any.

5. Some or all of Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies before commencing this lawsuit.

6. Some or all of Plaintiff's claims are barred for failure to timely file his claims with the appropriate Administrative Agency

7. The claims alleged exceed the scope of the administrative charge or proceedings before the Equal Employment Opportunity Commission and/or the Colorado Civil Rights Division.

WHEREFORE, Defendant Leprino Foods Company requests that this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in its favor, and or all such other relief to which it is entitled or is just.

**DEFENDANT LEPRINO FOODS COMPANY REQUESTS A TRIAL TO A JURY ON ALL MATTERS SO TRIABLE**

DATED this 28th day of March, 2019.

**CAMPBELL KILLIN BRITTAN & RAY, LLC**

By: *s/ William C. Brittan*
William C. Brittan, #17643
Margaret R. Pflueger, #39780
270 St. Paul Street, Suite 300
Denver, CO 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com
mpflueger@ckbrlaw.com

*Counsel for Defendant Leprino Foods Company*

# CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 28th day of March, 2019, a true and correct copy of the foregoing **AMENDED ANSWER OF DEFENDANT LEPRINO FOODS COMPANY TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND** was filed and served through the CM/ECF system on the following:

Amy Burma
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, CO 80302
amy@Burmalawoffices.com

*Attorneys for Plaintiff*

    *s/Andrea Davis*
    Andrea Davis