# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00285

NICHOLAS DONEZ,

      Plaintiff,

v.

LEPRINO FOODS, INC.,

      Defendant.

## ~~(PROPOSED)~~ SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on April 30, 2019 at 10:00 a.m. MST before the Honorable N. Reid Neureiter, in Courtroom C-205 of the Byron G. Rogers U.S. Courthouse, 1929 Stout Street, Denver, CO 80294.  Plaintiff was represented by Amy Burma, of Burma Law Offices, LLC, 1035 Pearl Street, Boulder, Colorado 80302, 720.464.5655. Defendant Leprino Foods Company, incorrectly sued as Leprino Foods, Inc., was represented by William Brittan, Campbell, Killin, Brittan & Ray, LLC, 270 St. Paul Street, Suite 300, Denver, Co 80206, 303.332.3400.

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over the claim in Counts I pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000 et seq., which creates federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff claims that this Court has supplemental

jurisdiction over the remaining Count pursuant to 28 U.S.C. §1367 because they arise out of the same set of operative facts as those relevant to Counts I so as to make them part of the same case or controversy.

### 3.   STATEMENT OF CLAIMS AND DEFENSES

   a.   <u>Plaintiff:</u>

Defendant hired Plaintiff, a Hispanic American, on November 3, 1998, as Palletizer Operator. During the over 17 years Plaintiff worked for Defendant, he consistently received excellent reviews and worked his way up to Whey Department Foreman. On February 9, 2016, Plaintiff was violently and viciously attacked while preforming his regular job duties. Frank Levar, another Leprino employee, who is Caucasian, unexpectedly, and without provocation, attacked Plaintiff. Plaintiff received serious injuries, including a left laryngeal fracture, thyroid cartilage and cricoid ring fractures as well as right temporal and left parietal scalp hematomas.

On February 16, 2016, the police issued an arrest warrant for Mr. Levar. Mr. Levar was charged with second-degree assault. Mr. Levar was ultimately convicted by a jury of assault. On or about February 16, 2016, Mr. Donez filed for workers' compensation benefits with Leprino as a result of the injuries he sustained from the assault. On February 29, 2016, Plaintiff received a letter from Defendant stating that Plaintiff was being terminated for violating Defendant's "no tolerance for workplace violence" policy.

During his 17 years working for Defendant, Plaintiff was never involved in any physical altercation. Plaintiff was not the aggressor during the February 16, 2016 assault, and the only action he took was to defend himself against the vicious and unprovoked attack. Other non-Hispanic employees have violated Defendant's alleged "no tolerance for workplace violence" policy without being terminated. For example, Mr. Levar was previously involved in an incident

involving workplace violence in which he assaulted Shane Tucker, another employee. Mr. Levar was not terminated after his previous assault.

Defendant discriminated against Plaintiff when it terminated Plaintiff for allegedly violating its alleged workplace violence policy, something non-Hispanic employees had violated in the past without discipline or termination. Plaintiff was wrongfully terminated as a result of his race and/or because Plaintiff filed for workers' compensation and not because he violated any alleged company policy. Defendant used its alleged workplace violence policy as a pre-textual reason for its unlawful and intentional discrimination based on Plaintiff's race and/or as retaliation for filing workers' compensation.

b. <u>Defendant</u>:

Plaintiff, who was working as a foreman on the day of the incident, was involved in a workplace altercation with another employee, Frank Levar. Contrary to Plaintiff's position that he was an innocent victim of an unexpected attack, the post-altercation investigation revealed the Plaintiff was a participant in the altercation, and assisted in the provocation of the event. Because the Plaintiff admitted his actions, Plaintiff was in violation of Leprino Foods' workplace violence policy, and his employment was terminated as a result. Plaintiff's termination was in no way related to Plaintiff's race or national origin or his filing a workers' compensation claim..

Leprino Foods exercised its best business judgment in its decision to terminate Plaintiff's employment, and acted in good faith at all times related thereto. The claims Plaintiff has filed with this Court may have been untimely filed with the appropriate Administrative Agency, and therefor Plaintiff's claims may be subject to dismissal. In addition, the claims asserted in this lawsuit may exceed the scope or be different than those filed with the appropriate Administrative Agency, and Plaintiff's related claims may be barred or limited. Plaintiff's request for supplemental jurisdiction

should also be denied because those claims do not satisfy the requirements of 28 U.S.C. §1367.

Defendant also reserves the right to contend that Plaintiff has failed to mitigate his damages.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

    a.    Nicholas Donez was employed with Leprino from November 3, 1998 through February 29, 2016.

    b.    Nicholas Donez filed for workers' compensation before February 29, 2016.

### 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>:

Plaintiff currently anticipates he will seek the following damages:

1. Back Pay and Benefits of approximately $120,000;

2. Front Pay, the calculation of which are within the purview of the jury;

3. Compensatory Damages, the calculation of which are within the purview of the jury;

4. Punitive Damages, the calculation of which are within the purview of the jury; and

5. Attorney fees, costs, and pre-and post-judgment interest, estimated at $75,000

<u>Defendant</u>:

Defendant seeks no damages at this time, other than reserving the right to seek its attorneys' fees and costs related to its defense in this litigation.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    Date of Rule 26(f) meeting:

    ~~April 30, 2019~~ April 9, 2019

    b.    Names of each participant and each party represented:

        Amy Burma, attorney for Plaintiff

        Bill Brittan, attorney for Defendant

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made:

April 16, 2019

d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

None.

e.   Statement concerning any agreements to conduct informal discovery:

None.

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties agree to use a unified exhibit number system and to discuss other cost-saving measures.

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties anticipate that this matter will involve email that is electronically stored and agree to exchange as much information via email and/or secure portal as possible.

h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

There is little chance of settlement at this time.

## 7.   CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

25 interrogatories per side.

~~3~~ 6 fact depositions per side, plus experts and parties.

b. Limitations which any party proposes on the length of depositions.

~~7 hours per deponent~~. Depositions shall not exceed 7 hours for two deponents, all others limited to 4 hours, for each side, without prior agreement or absent leave of court.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

25 requests for production per side.

25 requests for admission per side.

d. Other Planning or Discovery Orders

None.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

~~April 30, 2019~~. June 28, 2019

b. Discovery Cut-off: ~~October 29, 2019~~ November 15, 2019

c. Dispositive Motion Deadline: November 26, 2019.

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any:

Plaintiff: Plaintiff reserves the right to designate an economic expert and/or workplace expert.

>    Defendant:   Defendant reserves the right to designate experts in areas including workplace safety and to address Plaintiff's economic damage claims.

2. Limitations which the parties propose on the use or number of expert witnesses:

    Two experts per side

3. ~~The parties~~ Plaintiff shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    September 9, 2019

4. ~~The parties~~ Defemdant shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    October 1, 2019

Plaintiff's Disclosure of rebuttal experts: **October 18, 2019**

    e.    Identification of Persons to Be Deposed:

1. Nicholas Donez     (7 hours)
2. 30(b)(6) representative of Defendant
3. Frank Levar          (4 hours)

    f.    Deadline for Interrogatories:

Interrogatories shall be served on or before September 24, 2019

    g.    Deadline for Requests for Production of Documents and/or Admissions:

Requests for Production of Documents and/or Admissions shall be served on or before September 24, 2019.

## 10.   DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

**JOINT STATUS REPORT** shall be filed no later than **September 1, 2019**.

b. A final pretrial conference will be held in this case on February 19, 2020 at 10:30 o'clock a. m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

None.

b. Anticipated length of trial and whether trial is to the court or jury:

5 day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Shappard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial as well as the Magistrate Judge that is assigned to this case of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this  30th     day of   April        , 2019

BY THE COURT:

_N. Reid Neureiter_
United States Magistrate Judge

APPROVED:

By:     *s/ Amy K. Burma*
Amy K. Burma (#43261)
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, CO 80302
Ph/F: 720-464-5655
amy@burmalawoffices.com

ATTORNEY FOR PLAINTIFF


By:     *s/ William C. Brittan*
William C. Brittan, #17643
Margaret R. Pflueger, #39780
270 St. Paul Street, Suite 300
Denver, CO 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com
mpflueger@ckbrlaw.com
ATTORNEY FOR DEFENDANT