## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00285

NICOLAS DONEZ,

     Plaintiff,

v.

LEPRINO FOODS COMPANY,

     Defendant.

---

### PLAINTIFF'S MOTIONS IN LIMINE

---

Plaintiff, Nicolas Donez, though counsel, Amy K. Burma, of Burma Law Offices, LLC, hereby submits his Motions in Limine.  As grounds therefor, Plaintiff states as follows:

### CERTIFICATION

Pursuant to D.C.COLO.L.CivR. 7.1, Plaintiff's counsel has conferred with Defendant's counsel regarding this motion.  Additionally, Plaintiff has provided to Defendant's counsel past decisions regarding the Workers' Compensation issue, which is attached hereto.  Defendant objects to the relief requested herein.

### WORKERS' COMPENSATION

Plaintiff seeks to exclude at trial evidence relating to the existence of workers' compensation insurance, as well as any benefits paid to Plaintiff.   It is well settled law that collateral source evidence, such as workers' compensation benefits, is inadmissible at trial.  Plaintiff requests an order prohibiting Defendant from introducing or commenting on the existence

of Plaintiff's workers' compensation benefits, as well as any associated payments of bills and/or benefits, or any contractual write-offs or discounts due to that coverage.

Colorado's collateral source rule consists of two components: (1) a post-verdict setoff rule, codified at C.R.S. § 13-21-111.61 and (2) a pre-verdict evidentiary component described by the common law and now codified by statute at C.R.S. § 10-3-115(10). *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 654 (Colo. 2012). While the first component generally operates to set off a jury verdict by collateral source payments, it contains a "contract exception" that precludes set-offs for collateral source payments made because of a contract entered into and paid on or behalf of a Plaintiff. C.R.S. § 13-21-111.6; *Colorado Permanente Group v. Evans*, 926 P.2d 1218 (Colo. 1996). The "purpose of the contract exception . . . is to ensure that a defendant does not receive a windfall by avoiding payment of damages because the plaintiff had the foresight to purchase insurance, or enter into a contract that compensates the plaintiff for injury caused by the defendant." *Colorado Permanente v. Evans*, 926 P.2d 1218, 1233 (Colo. 1996).

The second component of the collateral source is evidentiary, and "completely bars the admission of collateral source evidence because the risk of the fact-finder's prejudicial misuse of the evidence outweighs its potential probative value if offered for other purposes." *Sunahara*, 280 P.3d at 654 (internal citations omitted) (emphasis added). "To ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, such evidence is inadmissible at trial." *Volunteers of America v. Gardenswartz,* 242 P.3d 1080, 1083-84 (Colo. 2010).

Workers' compensation benefits constitute an inadmissible collateral source when the benefits were received as a result of the employee's contract for hire, as is the case here. *Combined Communications Corporations, Inc. v. Public Service Company of Colorado*, 865 P.2d 893, 902

(Colo. App. 1993) ("[I]t is clear that the social security and workers' compensation benefits were received as a result of the employees' contracts of hire. Hence, the verdicts were not subject to being set off by the amounts of these benefits [pursuant to Colorado's collateral source rule].").

In *Jones v. Esurance Ins. Co.,* Case No. 15-cv-00278-CMA-KLM, 2016 WL 1558622 (U.S. Dist. Colo. April 4, 2016), this Court granted Plaintiff's Motion in Limine and stated:

> The Tenth Circuit in *Adamscheck* also rejected the defendant's argument that "Colorado's collateral source rule, Colo. Rev. Stat. § 13-21-111.6, requires an offset for [the plaintiff's] workers' compensation benefits." *Id*. at *6. In rejecting this argument, the Tenth Circuit relied on *Combined Communications Corporation, Inc. v. Public Service Company of Colorado*, 865 P.2d 893 (Colo. App. 1993), which held that workers' compensation benefits are received as a result of an employee's contract with its employer and, therefore, fall within the contract exception to the collateral source rule. *Id*.
>
> *        *        *
>
> In light of *Adamscheck*, the Court finds that Defendant cannot reduce the amount of Plaintiff's UIM benefits by the amount that Plaintiff already received from workers' compensation. Therefore, it would be improper for Defendant to introduce at trial evidence concerning Plaintiff's previously received workers' compensation benefits.

*Id*. at *2, 3 (attached hereto as <u>Exhibit 1</u>).

While *Jones* involved an UM/UIM claim, the same principal applies here. Plaintiff received his workers' compensation benefits as part of his employment agreement. Thus, Defendant is not entitled to a set-off or to introduce evidence of workers' compensation benefits at the trial in this matter.

## **PRIOR BAD ACTS**

Defendant intends on introducing evidence of a warning that Plaintiff received in 2003 - 13 years before his termination. *See* <u>Exhibit 2</u>. Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of the accused's bad acts if the evidence is offered to show the accused acted in conformity with the prior bad acts. The Federal Rules of Evidence generally

3

preclude the use of evidence of crimes or wrongs unrelated to the conduct at issue if that evidence

is offered to prove a propensity to behave in a particular manner.  If offered for a purpose other

than to demonstrate propensity, evidence of acts unrelated to the one at issue may be admissible

under Rule 404(b) if the evidence meets the four-part test:

> (1) the evidence was offered for a proper purpose; (2) the evidence was relevant; (3) the trial court determined under Fed.R.Evid. 403 that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice; and (4) the trial court gave the jury proper limiting instructions upon request.

*Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir.2005).

This evidence fails to meet any part of the test.  The warning was given to Plaintiff was for

a verbal altercation that Plaintiff had with another Leprino employee, Howie Morrill, and did not

involve physical touching or violations of Leprino's workplace violence policy.  As such, it is not

relevant to the claims in this case. Moreover, the incident happened 13 years before Plaintiff's

termination and the events at issue, which significantly reduces any potential probative value.  The

warning and the email are both irrelevant and highly prejudicial and should be excluded.

## STATISTICS

Defendant intends on introducing an exhibit a summary the percentage of Hispanic

employees employed at Leprino Foods.  *See* Exhibit 3.  This evidence should be excluded under

both Fed.R.Evid. 401 and 403.  First, the "statistical" chart is not relevant because it includes both

involuntary terminations, i.e,. resignations or job abandonment, as well as involuntary

terminations.  Including both involuntary and voluntary terminations significantly distorts the

information rendering the "statistical" chart irrelevant.

Moreover, the "statistical" chart includes all employees – both hourly and salary - and is

not limited to employees that were in similar positions of Plaintiff.  Again, this skews the

information and makes the information not statistically probative. Finally, Defendant did not

provide any underlying data to support the information set forth in what is essentially a Fed.R.Evid. 1006 chart.  Without this information, there is no basis for reliability.  The chart lacks any probative value and should be excluded as evidence.

## DUPLICATE EXHIBITS

Several of Defendant's exhibits are duplicate of exhibits that Plaintiff identified.  *See* Joint Exhibit List, <u>Exhibit 4</u>.    These exhibits, LEP0147, LEP0219-0222, LEP0232-235 and DONEZ0044-0044, [1] are pages from Leprino's investigation report and the police report.    Not only are these duplicative of Plaintiff's exhibits, but many are duplicative of Defendant's own exhibits.  *See* Joint Exhibit List, Ex. 4-5, 35. CMA Civ.  CMA Practice Standard 43.1B requires the parties to submit a joint exhibit list.  It defeats the purpose of having a joint exhibit list if Defendant is merely going list its exhibits without regard to previously identified exhibits.  .  Accordingly, Defendant's duplicative exhibits should be excluded.

## DOCUMENTS NOT PRODUCED

Defendant has identified two sets of documents that were not produced during discovery.  *See* Documents relating to Edgar Carrillo-Nunez notes and Documents Relating to Complaints by Hannah Arbego.   On Friday, June 12, 2020, Defendant produced, for the first time, the notes relating to Edgar Carrillo-Nunez, despite previously producing the termination memo for Mr. Carrillo-Nunez.  To date, Defendant has not produced the Documents Relating to Complaints by Hannah Arbego.

Fed.R.Civ.P. 37(c)(1) provides:

Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

---

[1] There are various other duplicative exhibits, including LEP0371, LEP01137-1140 and LEP0391; LEP0375-376. Counsel for the parties have conferred regarding these exhibits and have reached an agreement to only have one copy as an exhibit.

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless…

Fed.R.Civ.P. 37(c)(1).

In this case, the documents that Defendant produced on June 12, 2020, relate to investigations conducted by Defendant.   Plaintiff was prejudiced as he was not able to ask about the documents during depositions, to contact witnesses about the documents or to conduct other investigation.   Defendant has yet to produce any documents relating to complaints by Hannah Arbego.  This delay prejudices Plaintiff and precludes Defendant from now using the documents as exhibits. Accordingly, these documents should be excluded.

DATED this 15 day of June, 2020.

Respectfully submitted,

**BURMA LAW OFFICES, LLC**

*The original signature is on file at Burma Law Offices, LLC*

By:     /s/ Amy K. Burma_____
        Amy K. Burma

ATTORNEY FOR PLAINTIFF

Amy K. Burma (#43261)
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, Co 80302
Ph/Fax (720) 464-5655
amy@burmalawoffices.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S MOTIONS IN LIMINE** was served via electronic mail this 15th day of June, 2020, upon the following Attorney for Defendant:

William C. Brittan, #17643
Margaret R. Pflueger, #39780
270 St. Paul Street, Suite 300
Denver, CO 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com
mpflueger@ckbrlaw.com