Case 1:19-cv-00285-CMA-NRN Document 62-1 Filed 06/15/20 USDC Colorado Page 1 of 3

Jones v. Esurance Insurance Company, Not Reported in Fed. Supp. (2016)

2016 WL 1558622
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Eric C. JONES, Plaintiff,
v.
ESURANCE INSURANCE COMPANY, Defendant.

Civil Action No. 15-cv-00278-CMA-KLM
|
Signed 04/18/2016

**Attorneys and Law Firms**

Wyatt McCabe Cox, Marc Philip Harden, Zaner Harden Law, LLP, Denver, CO, for Plaintiff.

John T. Osgood, Armstrong Teasdale, LLP, Jennifer Christine Madsen, Vaughan & Demuro, Denver, CO, Steven Paul Bailey, Vaughan & Demuro, Colorado Springs, CO, for Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF COLLATERAL SOURCE WORKERS' COMPENSATION BENEFITS AT TRIAL (DOC. # 29)**

CHRISTINE M. ARGUELLO, United States District Judge

***1** This matter is before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Collateral Source Workers' Compensation Benefits at Trial. (Doc. # 29.) Plaintiff Eric Jones seeks to exclude from trial evidence that he received workers' compensation benefits. Defendant Esurance Insurance Company opposes Plaintiff's motion. (Doc. # 33.) For the reasons that follow, Plaintiff's motion is granted.

**I. BACKGROUND**

On June 30, 2013, Plaintiff was injured in a motor vehicle accident. (Doc. # 2 at 3.) Because the accident occurred while Plaintiff was acting within the scope of his employment, he recovered medical expenses, wages, and other benefits through workers' compensation. (Doc. # 29 at 2.) Plaintiff also sought payment of underinsured motorist (UIM) benefits under an insurance policy issued to him by Defendant. The issue presented to the Court by Plaintiff's motion in limine is whether Defendant may introduce at trial evidence of Plaintiff's recovery of workers' compensation benefits to support the argument that Plaintiff's potential recovery of UIM benefits should be reduced or "offset" by the amount that he received from workers' compensation. The parties have indicated that resolution of this question will assist in ongoing settlement negotiations.

**II. ANALYSIS**

Under Colorado's collateral source rule, a jury's damages award in a tort action is generally offset by any collateral source payments received by the plaintiff. Colo. Rev. Stat. § 13-21-111.6. There is, however, a contract exception that precludes offsets for collateral source payments made pursuant to a contract entered into by the party seeking further compensation. *Id.*; *Colo. Permanente Grp. v. Evans*, 926 P.2d 1218, 1233 (Colo. 1996). Plaintiff's motion argues that the Court should exclude evidence relating to the existence of the workers' compensation insurer, as well as the benefits that he received, because those benefits fall under the contract exception to the collateral source rule. (Doc. # 29 at 8 (citing *Combined Commc'ns Corps., Inc. v. Pub. Serv. Co. of Colo.*, 865 P.2d 893, 902 (Colo. App. 1993) ("[I]t is clear that...workers' compensation benefits were received as a result of the employees' contracts of hire. Hence, the verdicts were not subject to being set off by the amounts of these benefits [pursuant to Colorado's collateral source rule].")).)

In response, Defendant argues that it is entitled to reduce the amount of Plaintiff's UIM benefits by the amount that he already received from his workers' compensation insurer and, therefore, evidence of Plaintiff's workers'

Case 1:19-cv-00285-CMA-NRN Document 62-1 Filed 06/15/20 USDC Colorado Page 2 of 3

Jones v. Esurance Insurance Company, Not Reported in Fed. Supp. (2016)

compensation coverage is admissible at trial. In support of this argument, Defendant first asserts that its UIM policy explicitly prohibits any workers' compensation insurer from having a subrogated interest against it "to try to recoup the workers' compensation benefits paid." (Doc. # 33 at 4.) Defendant asserts that "[t]his policy language is consistent with Colorado law which prohibits a workers' compensation insurer from asserting a subrogation interest against an underinsured motorist insurer." (Doc. # 33 at 4.) Second, Defendant argues that Plaintiff's UIM policy explicitly prohibits the payment of UIM benefits for "any element of damages" that is already covered by workers' compensation. (Doc. # 33 at 6.)

**\*2** On March 29, 2016, the Tenth Circuit issued an opinion that squarely addressed the issue presented by Plaintiff's motion in limine. *Adamscheck v. Am. Family Mut. Ins. Co.*, ___ F.3d ___, 2016 WL 1211965 (10th Cir. Mar. 29, 2016). In *Adamscheck*, the Tenth Circuit framed the question presented as "whether [the plaintiff's] UIM benefits should be offset by the amounts he received in workers' compensation benefits for losses resulting from the same accident." *Id*. at \*4.

Like Defendant here, the defendant in *Adamscheck* argued that a provision in the policy explicitly stated that UIM benefits would not be paid to cover losses already paid for by workers' compensation. *Id*. Citing *Nationwide Mutual Insurance Co. v. Hillyer*, 509 P.2d 810 (Colo. App. 1973), the Tenth Circuit stated that such a provision is "contrary to Colorado law." *Id*. at \*5. In *Hillyer*, the Colorado Court of Appeals "adopted the position of those courts that 'prohibit a casualty insurance carrier from reducing its liability to a victim of an uninsured motorist by the amount of any workmen's compensation award.'" *Id*. The Tenth Circuit further found that "[b]ecause the Colorado Supreme Court has not had occasion to reach this issue," it would "consider the pronouncement from the Colorado Court of Appeals [in *Hillyer*] persuasive of how the Colorado Supreme Court might rule." *Id*.

The Tenth Circuit in *Adamscheck* also rejected the defendant's argument that "Colorado's collateral source rule, Colo. Rev. Stat. § 13-21-111.6, requires an offset for [the plaintiff's] workers' compensation benefits." *Id*. at \*6. In rejecting this argument, the Tenth Circuit relied on *Combined Communications Corporation, Inc. v. Public Service Company of Colorado*, 865 P.2d 893 (Colo. App. 1993), which held that workers' compensation benefits are received as a result of an employee's contract with its employer and, therefore, fall within the contract exception to the collateral source rule. *Id*.

Following the Tenth Circuit's issuance of *Adamscheck*, Defendant filed a notice of supplemental authority to bring the opinion to the Court's attention. (Doc. # 39.) Defendant argues that *Adamscheck* is distinguishable, however, because it did not address certain arguments raised in Defendant's response to Plaintiff's motion in limine. (Doc. # 39 at 2.) Defendant asserts that, in *Adamscheck*, the parties did not raise, and the Tenth Circuit did not address, whether the workers' compensation insurer had a subrogation claim against the UIM insurer. (Doc. # 39 at 2.) In addition, Defendant argues that, because "Plaintiff's workers' compensation carrier has already paid Plaintiff's medical expenses and certain wage loss benefits[,]...payment of these benefits a second time directly to Plaintiff (and without a concomitant right of subrogation by the workers' compensation carrier) would amount to double recovery and an impermissible windfall to the Plaintiff above and beyond what his net recovery would have been in a third party tort claim against the at-fault driver." (Doc. # 39 at 2-3.)

In its opinion in *Adamscheck*, the Tenth Circuit explicitly noted that, prior to seeking benefits under his UIM coverage, the plaintiff had "received workers' compensation benefits for his injuries." *Adamscheck*, 2016 WL 1211965, at \*1. The Tenth Circuit also noted that the defendant had argued in a summary judgment motion before the trial court "that Colorado law allows insurers to prohibit double recovery for losses already covered by workers' compensation, and that [the plaintiff's] policy included such limiting provisions." *Adamscheck*, 2016 WL 1211965, at \*2. The defendant had also argued "that under Colorado's UIM statute, 'a Plaintiff would not be legally entitled to recover duplicate damages from a tortfeasor.'" *Id*. The district court rejected these arguments. *Id*.

**\*3** The Tenth Circuit reviewed the issue de novo. *Id*. at \*4. As stated above, the Tenth Circuit relied on *Hillyer* to find that the policy provision excluding recovery of UIM benefits for amounts already received from workers' compensation was "contrary to Colorado law." *Id*. at \*5. The Tenth Circuit also found that Colorado's collateral source rule was "not implicated" because "the Colorado Court of Appeals has held that workers' compensation benefits are received as a result of an employee's contract with its employer and therefore fall within th[e] express [contract] exception." *Id*. at \*6 (citing *Combined Commc'ns Corp.*, 865 P.2d at 902). Summarizing its holding, the Tenth Circuit stated, "we hold that under Colorado law, [the defendant] was not entitled to an offset for the amount [the plaintiff] received from workers' compensation." *Id*. at \*8.

**Exhibit 1**

Despite Defendant's assertions to the contrary, the Court finds that *Adamscheck* decides the matter currently before it. The underlying facts are identical in that both cases involve a UIM insurer seeking to exclude from its payment of benefits to an insured the amount that the insured had already received from workers' compensation. The Court does not believe that *Adamscheck* is rendered inapplicable by its failure to explicitly address whether the workers' compensation insurer had a subrogation claim against the UIM insurer. If, as Defendant represents, Colorado law prohibits a workers' compensation insurer from asserting a subrogation interest against an UIM insurer, the workers' compensation insurer in *Adamscheck*, like Plaintiff's workers' compensation insurer here, did not have a subrogation claim. Despite this lack of a subrogation claim, the Tenth Circuit concluded that the defendant could not reduce the amount of the plaintiff's UIM benefits. Therefore, the Court rejects Defendant's argument that *Adamscheck* does not apply here.

In light of *Adamscheck*, the Court finds that Defendant cannot reduce the amount of Plaintiff's UIM benefits by the amount that Plaintiff already received from workers' compensation. Therefore, it would be improper for Defendant to introduce at trial evidence concerning Plaintiff's previously received workers' compensation benefits.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Collateral Source Workers' Compensation Benefits at Trial (Doc. # 29) is GRANTED. Defendant is prohibited from introducing or commenting on the existence of Plaintiff's workers' compensation benefits, as well as any associated payments of bills and/or benefits or any contractual write-offs or discounts due to that coverage.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 1558622

---

**End of Document**   © 2020 Thomson Reuters. No claim to original U.S. Government Works.