**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-CV00285-CMA-NRN

NICOLAS DONEZ,

        Plaintiff,

v.

LEPRINO FOODS COMPANY, a Colorado
corporation
        Defendant.

---

## DEFENDANT LEPRINO FOODS COMPANY'S MOTIONS *IN LIMINE*

---

Defendant Leprino Foods Company ("Leprino Foods"), through its undersigned counsel, respectfully requests that this Court enter Orders *in limine* prohibiting Plaintiff from seeking the admission of evidence related to and/or mentioning, referencing, or making any argument or innuendo in the presence of the jury, or during *voir dire* examination any of the following matters:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Counsel for Leprino Foods conferred with counsel for Plaintiff via telephone and email concerning the merits of these motions *in limine* ("Motions"). Plaintiff opposes the Motions.

### SUMMARY

The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial.  These motions eliminate from further consideration evidentiary submissions that ought not to be presented to the jury because they clearly would be inadmissible for any purpose.  *Dry Clean Super Ctr., Inc. v.*

*Kwik Indus.*, Civil Action No. 08-cv-00578-WJM-CBS, 2012 U.S. Dist. LEXIS 18582 at *12 (D. Colo. Feb. 15, 2012).  "Pretrial rulings often may save time at trial, as well as save the parties time, effort and cost in preparing their cases." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) (on remand).

Such pretrial evidentiary rulings are critical here because Plaintiff has no direct evidence to prove his claim that he was discriminated against based on his race when he was discharged for violating the company's Workplace Violence Policy. Plaintiff intends to rely solely on evidence concerning incidents involving other employees and evidence that the other participant in the workplace fight, Frank Levar, was subsequently prosecuted for and convicted of assault.  Leprino Foods respectfully requests that the Court exercise its important gatekeeping function and exclude evidence of the unrelated "other incidents", which would necessitate eight mini-trials within this trial that might add up to two additional days of testimony, and evidence related to Mr. Levar's prosecution and conviction because, as explained below, this evidence is irrelevant, unduly prejudicial, and will cause jury confusion.

## DEFENDANT'S MOTION *IN LIMINE* #1
### Exclusion of Unrelated Incidents

For evidence purporting to show an employer's more favorable treatment of employees who are not members of Plaintiff's protected class to be admissible to support an inference of discrimination against Plaintiff, the other employees must have been "similarly situated.'" *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167-1168 (10th Cir. 2007). "Individuals are considered 'similarly situated' when they deal with the same supervisor and are subject to the same standards governing performance, evaluation, and discipline." *N'Gouan v. AB*

*Car Rental Servs.*, 2019 U.S. Dist. LEXIS 14021 at *21-23 (D.Colo. 2019), citing *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1404 (10th Cir. 1997).

"Additionally, individuals must be similarly situated in 'all relevant respects,' and courts traditionally 'compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees.'" *N'Gouan* at *21, citing *McGowan v. City of Eufala,* 472 F.3d 736, 745 (10th Cir. 2006) (citation omitted). "Moreover, even employees who are similarly situated must have been disciplined for conduct of "comparable seriousness" in order for their disparate treatment to be relevant." *Id.*, citing *Kendrick v. Penske Transp. Servs.,* 220 F.3d 1220, 1230 (10th Cir. 2000).  Misconduct that could reasonably be viewed as less serious than the misconduct displayed by the plaintiff is not relevant. *Id.* at *21-22,* citing *Rivera v. City and Cty. of Denver,* 365 F.3d 912, 925 (10th Cir. 2004); *see also Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999), citing *Curtis v. Oklahoma City Pub. Schls. Bd. of Educ.,* 147 F.3d 1200, 1217 (10th Cir. 1998)("in order for the court to find such character testimony relevant, however, the plaintiff must show the circumstances involving the other employees are such that their statements can 'logically or reasonably be tied to the decision to terminate [plaintiff].'"); *Schrand v. Federal Pac. Elec. Co*., 851 F.2d 152, 156 (6th Cir.1988)(trial court committed reversible error by admitting testimony of two former employees of defendant company because no evidence tied their testimony to defendant's decision to terminate).  Further, the evidence must concern incidents close in time to plaintiff's termination. *See Coletti*, 165 F.3d at 777 (evidence relating to events that occurred *after* plaintiff's termination was properly excluded because the logical relationship between the circumstances and the decision

to terminate was attenuated). Finally, to be probative, other incidents must also involve a common decisionmaker. *Bell v. Crowne Mgmt., LLC,* 844 F. Supp. 2d 1222, 1236  (S.D. Ala. 2012).

As relevant here, Plaintiff's witness and exhibit lists indicate he intends to offer evidence concerning Defendant's treatment of other employees in eight unrelated incidents to support an inference that the true reason for his termination was his race, not that he violated the Company's Workplace Violence Policy.  However, the evidence Plaintiff intends to introduce is not probative because, as detailed in the below chart, the eight other incidents cited involve a) different supervisors/decisionmakers; b) different company policies; c) less serious conduct; and/or d) occurred years before or after Plaintiff's termination.

| INCIDENT BETWEEN PLAINTIFF AND FRANK LEVAR | | | |
| --- | --- | --- | --- |
| **Incident** | **Decisionmaker** | **Company Policy** | **Date** |
| Plaintiff (Hispanic), who was acting as a Foreperson and Supervisor at the time,  and Frank Levar (Caucasian) were involved in a physical altercation /fight; both Plaintiff and Mr. Levar were discharged. *See* Defendant's Motion for Summary Judgment [Dkt .46] and Reply [Dkt. 50]. | HR Manager Risa Esterly | LFC's Workplace Violence Policy | 2/9/16 |

| OTHER EMPLOYEE INCIDENTS ABOUT WHICH PLAINTIFF INTENDS TO OFFER TESTAMENTORY OR DOCUMENTARY EVIDENCE AT TRIAL | | | |
| --- | --- | --- | --- |
| **Incident/ Same Conduct or Severity?** | **Same Decisionmaker?** | **Same Company Policy?** | **Close in Time?** |
| **2007 – nonviolent horseplay - NOT conduct of comparable seriousness.** <br><br> Corey Gettman (Caucasian) was suspended one day without pay for slapping his coworker Leonard Woodson on his rear-end. *See* Exhibit 1 (LEP1592) regarding this incident. | **NO** <br><br> Operations Manager Manley Frisbie | **NO** <br><br> Plant's policy against horseplay | **NO** <br><br> 7/3/07; appx. nine years prior to Plaintiff's discharge. |

| Incident/ Same Conduct or Severity? | Same Decisionmaker? | Same Company Policy? | Close in Time? |
|---|---|---|---|
| **2010-2011 – nonviolent disagreement - NOT conduct of comparable seriousness.**<br><br>Frank Levar (Caucasian) and Shane Tucker (Caucasian) were both given verbal warnings for getting into a non-violent disagreement during which Mr. Tucker stepped within a foot of Mr. Levar who then moved him back with his hand. *See* Exhibit 2 regarding this incident. | **NO**<br><br>HR Manager Shane Cole | **NO**<br><br>LFC's Harassment Prevention Policy | **NO**<br><br>2010-2011; five to six years prior to Plaintiff's discharge |
| **2012 – nonviolent inappropriate touching - NOT conduct of comparable seriousness.**<br><br>Mr. Dreher (Caucasian) was given a written warning for inappropriate touching. He was not accused of threatening or committing acts of violence. *See* Exhibit 3 (LEP1158) regarding this incident. | **NO**<br><br>HR Manager Shane Cole | **NO**<br><br>LFC's Harassment Prevention Policy | **NO**<br><br>11/07/12; almost four years prior to Plaintiff's discharge |
| **2016  - alleged yelling and "mean" treatment - NOT conduct of comparable seriousness.**<br><br>Mr. Dreher (Caucasian) allegedly yelled at and was "mean" to Plaintiff's stepdaughter Ms. Abrego (Caucasian). There are no records of this incident. | **UNKNOWN** | **NO**<br><br>LFC's Harassment Prevention Policy | **UNKNOWN**<br><br>Ms. Abrego speculates that the incident may have taken place around 2016. |
| **2016 - nonviolent horseplay - NOT conduct of comparable seriousness.**<br><br>Jay Marshall (Caucasian) complained about Shawn Morrison's (Caucasian) inappropriate horseplay.   Mr. Morrison was warned  *See* Exhibits 4 and 5 (LEP 376 and LEP 377) regarding this incident. | **NO**<br><br>HR Generalist Julia Lambert | **NO**<br><br>Plant's policy against horseplay | **YES**<br><br>3/1/16; within a week from Plaintiff's discharge |

| | | | |
|---|---|---|---|
| **2016 – nonviolent horseplay -  NOT conduct of comparable seriousness.**<br><br>Shawn Morrison picked up Angela Sears and threw her over his shoulder. Ms. Sears did not complain, but  Plaintiff's wife Heather Donez, who witnessed this incident, complained. Mr. Morrison was placed on probation and given a final warning.  *See* Exhibit 6 (LEP 375) | **NO**<br><br>HR Regional Manager Kelly Soja | **NO**<br><br>Plant's Policy against horseplay | **YES**<br><br>4/2016 |
| **2017 –  violent assault - this incident involved conduct of comparable seriousness**<br><br>Crystal Campos (Hispanic)  was discharged for kicking Carlos Sibrian (Hispanic) in his groin area. *See* Exhibit 7 (LEP371) regarding this incident. | **NO**<br><br>HR Generalist Julia Lambert | **YES**<br><br>LFC's Workplace Violence and Harassment Prevention Policies | **NO**<br><br>6/2017; more than a year after Plaintiff's discharge |
| **2018 –  inappropriate touching - NOT conduct of comparable seriousness.**<br><br>Edgar Carillo-Nunez  (Hispanic) placed a wrench between Leonard Woodson's "butt cheeks" and then walked around smelling the wrench. *See* Exhibit 8 (LEP389) regarding this incident. | **NO**<br><br>HR Manager Kelly Durham | **NO**<br><br>LFC's Harassment Prevention Policy | **NO**<br><br>11/29/18; almost three years after Plaintiff's discharge |

In sum, the eight other incidents for which Plaintiff seeks to introduce evidence are either remote in time (some taking place many years prior or subsequent to Plaintiff's termination), they involve different supervisors and decisionmakers, they concern enforcement of different company policies, and/or they concern significantly less severe and dangerous incidents than the violent altercation that caused Leprino Foods to terminate Plaintiff's employment. *See e.g. Bell,* 844 F. Supp. 2d at 1229 (yelling, cursing and wanting to hit another is not conduct "nearly  identical" to actually hitting the other).  *Floyd v. Federal Express Corp.*, 423 Fed. Appx. 924, 930-31 (11th Cir. 2011)(non-physical conduct cannot be considered nearly identical to the plaintiff's battery).  Also,

significantly, none of these other incidents involved an employee who was acting in the same Supervisor capacity as Plaintiff was at the time of his altercation with Mr. Levar. *Dowling v. Citizens Bank*, 7 U.S. Dist. LEXIS 99464 at *15-16 (W.D. Pa. Jan. 18, 2007)("comparator(s) must have been 'similarly situated in all material respects,' having engaged in similar conduct 'without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it'", including "the comparators" relative position within the company hierarchy"); *Benton v. ARA Food Servs., Inc.*, 1993 U.S. App. LEXIS 27378, 1993 WL 425183, *1 (4th Cir. 1993) ("differing degrees of culpability warrant different punishments").

Not only is this "other incident" evidence irrelevant and unduly prejudicial, it will cause jury confusion and necessitate at least eight mini-trials within the trial of this matter as Leprino Foods would need to offer evidence to explain the circumstances involved in each of these other unrelated incidents. See *Schneider v. City and Co. of Denver,* 47 Fed.Appx. 517, 526 (10th Cir. 2002) (testimony regarding allegations of discrimination against other employees may be excluded pursuant to Rule 403); *Chavis v. Clayton County School District,* 147 F. App'x 865, 867-68 (11th Cir. 2005*)* (exclusion of adverse acts taken against co-workers based on race because allowing mini-trials on personnel decisions posed a risk of substantially unfair prejudice to defendants). Defendant estimates that if Plaintiff is allowed to introduce evidence of these "other incidents", an additional ten witnesses will need to testify, which may prolong the trial an extra two days.

### DEFENDANT'S MOTION *IN LIMINE* #2
### Exclusion of Evidence Related to Frank Levar's Prosecution and Conviction.

Subsequent to the workplace fight which resulted in Plaintiff's and Mr. Levar's discharges, Mr. Levar was prosecuted by the Morgan County District Attorney's Office for, and was ultimately

convicted of, assault in the third degree. Leprino Foods does not oppose the introduction of evidence related to the investigation of the incident conducted by the Fort Morgan Police Department or the introduction of witness testimony given during the proceedings, as necessary, for limited purposes.  However, any evidence related to the prosecution and conviction of Mr. Levar subsequent to his and Plaintiff's discharges must be excluded under Fed.R.Evid. 401 because it is irrelevant to Plaintiff's race discrimination claim, and under Fed.R.Evid. 403 because it is unduly prejudicial and likely to mislead the jury.  *See e.g. Christopher v. DePuy Orthopaedics, Inc.* (*In re DePuy Orthopaedics, Inc.*), 888 F.3d 753, 784-85 (5th Cir. 2018) (extrinsic evidence "must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403").  Mr. Levar's subsequent criminal proceedings could not have played a role in the decisions made by Leprino Foods with respect to Plaintiff and are therefore irrelevant.

Moreover, evidence related to Mr. Levar's prosecution and conviction will be offered to deflect the jury's attention from  Leprino Foods' decision with respect to Plaintiff's actions, and instead improperly focus the jury's attention on Plaintiff's alleged status as a victim of a crime. This is precisely the type of improper "emotional" basis for a decision that creates unfair prejudice. *United States v. Meza*, 2010 WL 2301582, at *4 (D. N.M.) (citing *United States v. Caraway*, 453 F.3d 1290, 1301 (10th Cir. 2008).  Given that the minimal, if any, probative value of Mr. Levar's conviction for assault, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, any such evidence must be excluded. Fed.R.Evid. 403.

WHEREFORE, Defendant respectfully requests the Court grant each of the above Motions.

DATED this 15th day of June, 2020.

**CAMPBELL KILLIN BRITTAN & RAY, LLC**

By: *s/ William C. Brittan*
William C. Brittan, #17643
Margaret R. Pflueger, #39780
270 St. Paul Street, Suite 300
Denver, CO 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com
mpflueger@ckbrlaw.com

*Counsel for Defendant Leprino Foods Company*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 15th day of June, 2020, a true and correct copy of the foregoing **DEFENDANT LEPRINO FOODS COMPANY'S MOTIONS IN LIMINE** was filed and served through the CM/ECF system on the following:

Amy Burma
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, CO 80302
amy@Burmalawoffices.com

Ralph E. Lamar
8515 Braun Loop
Arvada, CO 80005
ralphlamar@ymail.com


*Attorneys for Plaintiff*


                                    *s/Andrea Davis*
                                    *Andrea Davis*