**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-CV00285-CMA-NRN

NICOLAS DONEZ,

        Plaintiff,

v.

LEPRINO FOODS COMPANY, a Colorado
corporation,

        Defendant.

---

**DEFENDANT'S <u>UNOPPOSED</u> MOTION FOR A TRIAL CONTINUANCE**

---

Defendant Leprino Foods Company ("Leprino Foods"), through its counsel William C. Brittan and Margaret R. Pflueger of the law firm of Campbell Killin Brittan & Ray, LLC, herein submits its <u>Unopposed</u> Motion for a Trial  Continuance and in support thereof state as follows:

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)**

William C. Brittan and Margaret R. Pflueger conferred with Amy Burma and Ralph Lamar at length regarding this Motion.  Plaintiff's counsel has advised that Plaintiff does not object to the relief requested herein.

**BACKGROUND**

1.      This matter is currently set for a five-day jury trial to commence on July 13, 2020.

2.      The length of the trial, however, will depend in large part on the Court's ruling on Defendant's Motion *in Limine* to Exclude "Other Incidents" Evidence.  If evidence and testimony related to each of the eight "other incidents" Plaintiff would like to introduce is allowed, then the trial could last up to two additional days, for a total of seven trial days.

3.      At trial, the jury will be asked to consider Plaintiff's claim that Defendant discriminated against him based on his race when it terminated his employment and that Defendant's offered explanation for his dismissal was a pretext. Defendant's competing claim is that it was exercising its business judgment and acting in good faith when it terminated Plaintiff's employment for being involved in a fight with a co-worker in violation of the company's Workplace Security Policy ("WSP").

4.      Defendant believes Plaintiff and his witnesses have credibility issues.  Defendant believes its ability to challenge Plaintiff and his witnesses' veracity and the jury's ability to assess Plaintiff and his witnesses' credibility are fundamental to a fair trial.  This is especially true in this case where Plaintiff claims he was assaulted by his co-worker and was acting in self-defense and Defendant contends Plaintiff admitted pushing his co-worker even when he could have exited the vicinity and de-escalated the situation and that Plaintiff never asserted he was acting in self-defense until after Defendant made the decision to terminate Plaintiff's employment.

5.      As this Court is aware, on June 16, 2020 Chief Judge Brimmer issued a General Order which, among other things, requires that everyone, including attorneys and witnesses, must wear masks, at all times, with limited exceptions.

6.      Additionally, in a June 17, 2020 email to counsel for the Parties, this Court indicated that, because the Court's Jury Box is not able to accommodate six, or more, jurors, the

Court will likely need to sit jurors in the gallery, behind counsel, in order to comply with the Chief Judge's June 16, 2020 General Order mandating that all persons maintain six feet of separation.

7.      Defendant is concerned that, if the jurors are unable to see the entirety of the witnesses' faces, it will impede their ability to evaluate the witnesses' credibility, which is crucial to a fair and just determination in this matter.  Defendant is equally concerned that the distance between the jurors and the witnesses will negatively impact the jurors' ability to hear the witnesses' testimony and assess their credibility.

## LEGAL STANDARD

Trial courts have broad discretion regarding continuances. *See Morris v. Slappy*, 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983).  When evaluating a motion for a continuance, District Courts in the United States Court of Appeals for the Tenth Circuit consider four factors, including 1) the diligence of the party requesting the continuance, 2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; 3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; 4) the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance. *See United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987).  None of these factors is determinative and the weight given to one will vary depending on the extent of the movant's showing on the others. *Id.* at 1469.  "[T]he determination whether the denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." *Rogers v. Andrus Transportation Services*, 502 F.3d 1147, 1151 (10th Cir. 2007)

**ARGUMENT**

**A.  Defendant Will Be Prejudiced If a Trial Continuance Is Not Granted.**

In this case, of the factors to be considered by the Court in evaluating Defendant's request for a trial continuance, the most important one is the need to protect against the likelihood of significant prejudice from not being able to fully and fairly examine witnesses whose facial expressions will be hidden behind masks when witness credibility is critical to a fair trial. See e.g. *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.").

In employment discrimination cases particularly, Courts routinely recognize that "[w]itness credibility [is] critical to the jury's evaluation of the evidence".  *See Perkins v. Fed. Fruit & Produce Co.,* 945 F. Supp. 2d 1225, 1273 (D. Colo. 2013) (finding that where plaintiff relied primarily on testimony to support his claims, witness credibility, particularly plaintiff's, was a pivotal to the plaintiff's claims of racial discrimination and hostile work environment); *Leidel v. Ameripride Servs.*, 291 F. Supp. 2d 1241, 1249  (D. Kan. 2003);  *EEOC v. Flasher Co.*, 986 F.2d 1312, 1317 (10th Cir. 1992), citing *United States Postal Bd. of Governors v. Aikens*, 460 U.S. 711, 715-16 (1983) (in the final analysis, the trier of fact is required to "weigh all the evidence and assess the credibility of witnesses order to determine whether the plaintiff was the victim of intentional discrimination based upon protected class characteristics"); *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994)  ("intent and credibility are crucial issues" in employment discrimination cases).

As explained above, Defendant believes its right to a full and fair trial, particularly in this case where the jurors' assessment of Plaintiff's and his  witnesses' credibility is key, necessitates a continuation of the current scheduled trial date.

**B.  A Continuance of a Few Months Is Likely to Obviate Defendant's Concerns About Being Able to Fairly Challenge the Plaintiff's and His Witnesses' Credibility.**

Defendant posits that, if a trial continuance of a few months is granted, the Court will have an opportunity to refine its Covid-19 protocols though other commercial business dispute matters where witness credibility is less crucial to a fair outcome.  Defendant believes that, with additional time and the trial of a number of less credibility-driven pilot cases, the Court may decide it is able to enact alternative protections, for example plexi-glass screens in front of the witness stand and podium, that would allow the witnesses and counsel to appear in Court without masks.

Further support for Defendant's optimism that in a few months' time witnesses and counsel may be able to appear at trial without masks, and thereby have a greater opportunity for a fair trial where the credibility of witnesses is critical, may be found in Colorado Governor Jared Polis' June 15, 2020 Announcement which set forth new draft guidelines that indicate Colorado is moving consistently forward in terms of loosening restrictions on business operations.

**C.  A Trial Continuance Will Not Inconvenience the Parties or Witnesses.**

Defendant contends that postponing the trial for a few months outweighs any inconvenience the Parties may suffer.   Moreover, with regard to witnesses, Defendant believes a continuation is also important given the need for certain of its witnesses to travel from out of state. A significant consideration in the Defendant's decision to seek a trial continuance is the concern that three of its witnesses, one of whom is a key witness, live out of state.  While the Court has

granted Defendant's request to allow one of these witnesses, Jim Grahlmann, to testify remotely due to health concerns, the reality of the coronavirus pandemic is that Defendant's other two out-of-state witnesses will put themselves at risk travelling to Colorado.  In fact, by Executive Order D 2020 109 dated June 20, 2020, Colorado Governor Jared Polis extended the state disaster of emergency for an additional thirty days.

Defendant appreciates the willingness of its former employees, Risa Esterly and Kelly Soja, to travel to Colorado to testify at trial because their testimony, particularly that of Ms. Esterly, who was the HR Manager at the time of Plaintiff's termination, is critical. However, Defendant has sincere and legitimate concerns about the safety of asking these former employees to appear at trial in July.  A continuance will hopefully benefit the witnesses given the expectation that significant progress will be made in terms of improving safety for travel to and from Colorado over the next several months.

Additionally, if a trial continuance is not granted and the Court permits Plaintiff to introduce witness testimony concerning eight "other incidents", the Court will need to manage the significant challenges of up to 10 additional witnesses appearing at Court at the trial.  At least one Court has recently found that consideration of the number of potential witnesses is appropriate in evaluating the propriety of adjourning the proceedings.  See *Hassoun v. Searls*, No. 1:19-CV-00370 EAW, 2020 U.S. Dist. LEXIS 63522, at *35-36 (W.D.N.Y. Apr. 10, 2020) (deciding to adjourn a hearing where the number of people involved would make a virtual proceeding "unwieldy at best" and in consideration of the fact that the factual disputes in the matter rested heavily, if not almost exclusively, on matters of credibility).

**D.  Defendant Has Acted Diligently in this Matter.**

Plaintiff filed his Complaint on February 1, 2019. Over the course of the past sixteen months, Defendant has diligently litigated Plaintiff's claims and its defenses in good faith without, at any point in time, seeking to amend or modify the initial Scheduling Order.

That said, it recently came to light that Plaintiff was laid off from his job in the oil business earlier this year.  Plaintiff then went to trucking school and obtained his CDL license, and just began working for Swift Transportation.  This change in Plaintiff's employment has resulted in Plaintiff's expert economist revising his expert report with regard to Plaintiff's past and future lost wages and benefits.  Plaintiff served his expert's revised report on Defendant on June 17, 2020.

**E.  Compliance With D.C.Colo.L.Civ.R. 6.1(c).**

In accordance with D.C.Colo.L.Civ.R. 6.1(c), Defendant's counsel is serving this Motion on its client contemporaneous with its filing.

## CONCLUSION

WHEREFORE, Defendant Leprino Foods Company respectfully requests that this Court continue the trial of this matter for a few months.

DATED this 24th day of June, 2020.

By: *s/ William C. Brittan*
William C. Brittan, #17643
Margaret R. Pflueger, #39780
270 St. Paul Street, Suite 300
Denver, CO 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com
mpflueger@ckbrlaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 24th day of June, 2020, a true and correct copy of the foregoing **DEFENDANT'S UNOPPOSED MOTION FOR A TRIAL CONTINUANCE** was filed and served through the CM/ECF system on the following:

Amy Burma
Burma Law Offices, LLC
1035 Pearl Street, Suite 325
Boulder, CO 80302
amy@Burmalawoffices.coM

Ralph E. Lamar, Esq.
THE LAW OFFICES OF RALPH LAMAR
8515 Braun Loop
Arvada, CO 80005
(303) 345-3600
ralphlamar@ymail.com

**Attorneys for Plaintiff**

**and via Email to Defendant at the address below:**

Susanne E. Jennings
Senior Corporate Counsel, Labor & Employment
Leprino Foods Company
1830 W. 38th Ave.
Denver, CO 80211
303.264.5305 (office)
402.238.5261 (cell)
sjennings@leprinofoods.com

**Defendant**


_s/Andrea Davis_____
Andrea Davis